# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

FILED
2017 SEP 15 A 9:31
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

---

UNITED STATES OF AMERICA,

V.

CR 17  491  RS

G. STEVEN BURRILL and MARC HOWARD BERGER,

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 1343 - Wire Fraud;
15 U.S.C. §§ 80b-6 & 80b-17 & 17 C.F.R. § 275.206(4)-8 - Investment-Adviser Fraud;
26 U.S.C. § 7201 - Tax Evasion;
26 U.S.C. § 7206(2) - Aiding and Assisting in the Preparation of a False Tax Return;
18 U.S.C. § 2 - Aiding, Abetting, and Willfully Causing;
18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461 - Criminal Forfeiture

---

A true bill.

_Karen Williams_
Foreman

Filed in open court this ___14___ day of
_September 2017_

_M [signature]_
SALLIE KIM
United States Magistrate Judge

Clerk

NO BAIL WARRANT  as to both

Bail, $ _____

_[signature]_

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

—— **OFFENSE CHARGED** ——

26 U.S.C. § 7206(2) - Aiding and Assisting in the Preparation of a False Tax Return

☐ Petty
☐ Minor
☐ Misde- meanor
☒ Felony

PENALTY:   See attachment.

SEP 15 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—— **DEFENDANT - U.S** ——

▶ Marc Howard Berger

DISTRICT COURT NUMBER

CR 17   491   RS

—— **DEFENDANT** ——

—— **PROCEEDING** ——

Name of Complainant Agency, or Person (& Title, if any)

IRS / FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   ALEX TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   ROBERT S. LEACH

**IS *NOT* IN CUSTODY**

1) ☒  Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐  Is a Fugitive

3) ☐  Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐  On this charge

5) ☐  On another conviction

6) ☐  Awaiting trial on other charges

} ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No

If "Yes" give date filed

DATE OF ARREST ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

—— **ADDITIONAL INFORMATION OR COMMENTS** ——

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

PENALTY SHEET ATTACHMENT
(Marc Howard Berger)

Counts Thirty-Two Through Thirty-Four:

26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation of a False Tax Return

Maximum Penalties:   3 years of imprisonment (26 U.S.C. § 7206)
$250,000 fine or not more than the greater of twice the gross gain or twice the gross loss (18 U.S.C. § 3571)
1 year of supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

---

**OFFENSE CHARGED**

18 U.S.C. § 1343 - Wire Fraud;
15 U.S.C. §§ 80b-6 & 80b-17 & 17 C.F.R. § 275.206(4)-8 -
Investment-Adviser Fraud;
26 U.S.C. § 7201 - Tax Evasion; and
18 U.S.C. § 2 - Aiding, Abetting, and Willfully Causing

PENALTY:   See attachment.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

SEP 15 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ G. STEVEN BURRILL

DISTRICT COURT NUMBER

CR 17 491 RS

DEFENDANT

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

IRS / FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form          ALEX TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)          ROBERT S. LEACH

---

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction                    ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes      If "Yes"
been filed?    ☐ No        give date
                           filed

DATE OF      Month/Day/Year
ARREST ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   Month/Day/Year
TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT        Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

PENALTY SHEET ATTACHMENT
(G. Steven Burrill)

Counts One Through Twenty-Six:

18 U.S.C. §§ 1343 & 2 – Wire Fraud and Aiding and Abetting

Maximum Penalties:  20 years of imprisonment (18 U.S.C. § 1343)
$250,000 fine or not more the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years of supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Count Twenty-Seven:

15 U.S.C. §§ 80b-6 & 80b-17, 18 U.S.C. § 2, & 17 C.F.R. § 275.206(4)-8 – Investment-Adviser Fraud

Maximum Penalties:  5 years of imprisonment (15 U.S.C. § 80b-17)
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years of supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Counts Twenty-Eight Through Thirty-One:

26 U.S.C. § 7201 – Tax Evasion

Maximum Penalties:  5 years of imprisonment (26 U.S.C. § 7201)
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years of supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

ALEX TSE (CABN 152348)
Attorney for the United States,
Acting Under Authority Conferred By
28 U.S.C. § 515

FILED

SEP 15 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17 491 |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 15 U.S.C. §§ 80b-6 & 80b-17 & 17 C.F.R. § 275.206(4)-8 – Investment-Adviser Fraud; 26 U.S.C. § 7201 – Tax Evasion; 26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation of a False Tax Return; 18 U.S.C. § 2 – Aiding, Abetting, and Willfully Causing; 18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461 – Criminal Forfeiture |
| v. | |
| G. STEVEN BURRILL and MARC HOWARD BERGER, | |
| Defendants. | |
| | SAN FRANCISCO VENUE |

I N D I C T M E N T

The Grand Jury alleges:

Introductory Allegations

At all times relevant to this Indictment, unless otherwise indicated:

1.      Defendant G. STEVEN BURRILL was a Certified Public Accountant ("CPA") licensed in California. He resided in San Francisco, California. BURRILL owned and controlled Burrill & Company LLC ("B&C"), a Delaware limited liability company formed in 1996; Burrill Capital Management, Inc. ("BCMI"), a Delaware corporation formed in 2002; Burrill Capital, LLC ("B-Cap"), a Delaware limited liability company formed in 2006; and Burrill Capital Management, LLC ("BCM"), a Delaware limited liability company formed in 2012 (collectively, the "Burrill Entities"). Through the

INDICTMENT                                                      1

Burrill Entities and other entities, BURRILL managed investment funds, including Burrill Life Sciences Capital Fund III, L.P. (the "Fund").

2.      Defendant MARC HOWARD BERGER was a CPA licensed in California and Illinois. He resided in Walnut Creek, California. He was a partner of a regional CPA firm that engaged in the business of tax preparation. BERGER supervised other accountants in his firm regarding the preparation of income tax returns which reported income and expenses related to the Fund and the Burrill Entities and for BURRILL individually for the years 2008 through 2013. BERGER signed as the paid preparer on all such returns.

3.      The Fund was a Delaware limited partnership formed in or about 2005. It was an investment fund focused on the life sciences industry. From 2006 through 2014, the general partner of the Fund was Burrill Life Sciences Capital Fund III Partners, L.P. ("General Partner"), a Delaware limited partnership, which was controlled and owned in part by Burrill.

4.      The Fund's total committed capital was approximately $283 million, most of which was committed by limited partners. The Fund was governed by a Second Amended and Restated Limited Partnership Agreement ("LPA") dated September 15, 2006. The LPA provided for a ten-year term for the Fund, which originally was set to expire in February 2016.

5.      The LPA generally required the limited partners to make capital contributions in cash to the Fund upon 10 days' written notice from the General Partner. The LPA provided that the General Partner, or its designee, would be compensated for services rendered to the Fund by the payment of a management fee on the first day of each fiscal quarter equal to 0.5% of the amount of committed capital for six years (and then 0.5% of the cost basis of the investments, plus reserves, after the initial six years). BURRILL represented to the limited partners that the General Partner was not entitled to receive any fees from the Fund except as expressly provided in the LPA. BURRILL represented to the limited partners that the Fund would not make an investment if the General Partner or its members or affiliates had a direct or indirect economic interest in such investment, except as specifically permitted by the LPA. BURRILL further represented that, to the extent sales proceeds from any investment were not distributed within 30 days of their receipt by the Fund, the General Partner would deliver a written

INDICTMENT                                      2

1  explanation to limited partners setting forth the reason why some or all of such proceeds were not

2  promptly distributed.

3      6.      The LPA prohibited the General Partner and its members, without express approval by an

4  advisory committee of the limited partners, from entering into any transaction that was in any way

5  contrary to the best interests of the Fund; from engaging in any transaction with the Fund except for a

6  transaction on an arm's length basis on terms no less favorable than those available from an unaffiliated

7  party; and from doing any act in contravention of the LPA, or that would be detrimental to the best

8  interests of the Fund, or that would make it impossible to carry on the activities and affairs of the Fund.

9  The LPA also required the General Partner to promptly submit all potential or actual conflicts of interest

10  involving the General Partner and the Fund to the advisory committee for resolution.

11  COUNTS ONE THROUGH TWENTY-SIX: (18 U.S.C. §§ 1343 & 2 – Wire Fraud and Aiding and

12  Abetting)

13      7.      The factual allegations in Paragraphs 1 through 6 are re-alleged and incorporated by

14  reference.

15      8.      Beginning in or about December 2007, through in or about October 2013, BURRILL,

16  with others, engaged in a scheme and artifice to defraud the Fund and the limited partners and to obtain

17  money and property from the Fund and the limited partners by means of materially false and fraudulent

18  pretenses, representations, and promises, and by omitting and concealing material facts.  BURRILL

19  executed the scheme by, among other things, misappropriating money from the Fund.  Among other

20  things, BURRILL induced limited partners to contribute capital to the Fund with false and misleading

21  capital call letters and caused the Fund to transfer millions of dollars in excess of the management fee

22  due as provided in the LPA (and that would ever be due) to the Burrill Entities.

23      9.      In furtherance of the scheme to defraud, BURRILL used a variety of means and methods,

24  including the following:

25          a.      BURRILL represented to limited partners that the General Partner was not

26  entitled to receive any fees from the Fund except as expressly provided in the LPA and assured limited

27

28

INDICTMENT                                      3

1  partners that the General Partner would submit all potential or actual conflicts of interest to an advisory

2  committee for resolution;

3          b.        BURRILL signed and sent capital call letters to limited partners demanding the

4  payment of cash; falsely stating that the proceeds of the capital calls would be used for purposes

5  consistent with the LPA; and omitting the fact that BURRILL intended to transfer substantial portions of

6  the proceeds (including an amount beyond what was due under the LPA) to the Burrill Entities;

7          c.        BURRILL caused the Fund to transfer money in excess of the management fee

8  due as provided in the LPA (and that would ever be due) to the Burrill Entities;

9          d.        BURRILL and the General Partner entered into transactions that were contrary to

10  the best interests of the Fund; engaged in transactions with the Fund that were not on an arm's length

11  basis on terms no less favorable than those available from an unaffiliated party; and did acts in

12  contravention of the LPA and that were detrimental to the best interests of the Fund, and that would

13  make it impossible to carry on the activities and affairs of the Fund;

14          e.        BURRILL caused the Fund to fail to distribute sales proceeds from investments

15  within 30 days of their receipt by the Fund, and failed to provide a written explanation to limited

16  partners setting forth the reason why some or all of such proceeds were not promptly distributed; and

17          f.        BURRILL and others (including BERGER) made or caused false entries to be

18  made in the books and records of the Burrill Entities.

19      10.      By September 2013, BURRILL caused the Fund to transfer to the Burrill Entities more

20  than $18 million in excess of the management fee then due under in the LPA (including an amount

21  beyond what would ever be due).

22      11.      On or about the dates set forth below, in the Northern District of California and

23  elsewhere, the defendant,

24                          G. STEVEN BURRILL,

25  did knowingly devise and intend to devise a scheme and artifice to defraud as to a material matter and to

26  obtain money and property by means of materially false and fraudulent pretenses, representations, and

27  promises, and by omissions and concealment of material facts with a duty to disclose, and, for the

28  purpose of executing such scheme and artifice and attempting to do so, did transmit, and cause to be

INDICTMENT                                      4

transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely, the following:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| ONE | October 31, 2012 | Capital call letter sent via e-mail and file-sharing service from BURRILL in California to limited partners in various states and countries |
| TWO | November 14, 2012 | $1,762,193 wire transfer from account of Limited Partner #1 ("LP1") at Mellon Trust to the Fund's account (xx3648) at First Republic Bank |
| THREE | November 14, 2012 | $704,877 wire transfer from account of Limited Partner #2 ("LP2") at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| FOUR | November 14, 2012 | $352,439 wire transfer from account of Limited Partner #3 ("LP3") at BMO Harris Bank to the Fund's account (xx3648) at First Republic Bank |
| FIVE | November 14, 2012 | $172,695 wire transfer from account of Limited Partner #4 ("LP4") at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| SIX | January 14, 2013 | Capital call letter sent via e-mail and file-sharing service from BURRILL in California to limited partners in various states and countries |
| SEVEN | January 28, 2013 | $1,057,316 wire transfer from LP1's account at Mellon Trust to the Fund's account (xx3648) at First Republic Bank |
| EIGHT | January 28, 2013 | $422,926 wire transfer from LP2's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| NINE | January 28, 2013 | $211,463 wire transfer from LP3's account at BMO Harris Bank to the Fund's account (xx3648) at First Republic Bank |
| TEN | January 28, 2013 | $103,617 wire transfer from LP4's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| ELEVEN | March 18, 2013 | Capital call letter sent via e-mail and file-sharing service from BURRILL in California to limited partners in various states and countries |
| TWELVE | April 1, 2013 | $1,233,535 wire transfer from LP1's account at Mellon Trust to the Fund's account (xx3648) at First Republic Bank |
| THIRTEEN | April 1, 2013 | $493,414 wire transfer from LP2's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| FOURTEEN | April 1, 2013 | $246,707 wire transfer from LP3's account at BMO Harris Bank to the Fund's account (xx3648) at First Republic Bank |

INDICTMENT                                                  5

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| FIFTEEN | April 1, 2013 | $120,886 wire transfer from LP4's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| SIXTEEN | May 3, 2013 | Capital call letter sent via e-mail and file-sharing service from BURRILL in California to limited partners in various states and countries |
| SEVENTEEN | May 17, 2013 | $704,877 wire transfer from LP1's account at Mellon Trust to the Fund's account (xx3648) at First Republic Bank |
| EIGHTEEN | May 17, 2013 | $281,951 wire transfer from LP2's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| NINETEEN | May 17, 2013 | $140,975 wire transfer from LP3's account at BMO Harris Bank to the Fund's account (xx3648) at First Republic Bank |
| TWENTY | May 17, 2013 | $69,079 wire transfer from LP4's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| TWENTY-ONE | June 13, 2013 | Capital call letter sent via e-mail and file-sharing service from BURRILL in California to limited partners in various states and countries |
| TWENTY-TWO | June 27, 2013 | $422,926 wire transfer from LP1's account at Mellon Trust to the Fund's account (xx3648) at First Republic Bank |
| TWENTY-THREE | June 27, 2013 | $169,171 wire transfer from LP2's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |
| TWENTY-FOUR | August 16, 2013 | Capital call letter sent via e-mail and file-sharing service from BURRILL in California to limited partners in various states and countries |
| TWENTY-FIVE | August 30, 2013 | $704,877 wire transfer from LP1's account at Mellon Trust to the Fund's account (xx3648) at First Republic Bank |
| TWENTY-SIX | August 30, 2013 | $281,951 wire transfer from LP2's account at JP Morgan Chase to the Fund's account (xx3648) at First Republic Bank |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TWENTY-SEVEN: (15 U.S.C. §§ 80b-6 & 80b-17, 18 U.S.C. § 2, & 17 C.F.R. § 275.206(4)-8 – Investment-Adviser Fraud)

       12.    The factual allegations in Paragraphs 1 through 10 are re-alleged and incorporated by reference.

INDICTMENT                  6

1    13.    At relevant times, BURRILL, BCMI, and BCM were investment advisers within the

2  meaning of 15 U.S.C. § 80b-2(a)(11).

3    14.    Beginning in or about December 2007 and continuing through in or about October 2013,

4  in the Northern District of California and elsewhere, the defendant,

5                                    G. STEVEN BURRILL,

6  did willfully and knowingly, by the use of the mails and means and instrumentalities of interstate

7  commerce, directly and indirectly: (a) employ devices, schemes, and artifices to defraud clients and

8  prospective clients as to a material matter; (b) engage in transactions, practices, and courses of business

9  which operated as a fraud and deceit upon clients and prospective clients as to a material matter; and (c)

10  engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative as to

11  a material matter, namely, sending false and misleading capital call letters to limited partners and

12  causing the Fund to transfer money in excess of the management fee due as provided in the LPA (and

13  that would ever be due) to the Burrill Entities.

14    All in violation of Title 15, United States Code, Sections 80b-6 and 80b-17; Title 18, United

15  States Code, Section 2; and Title 17, Code of Federal Regulations, Section 275.206(4)-8.

16  COUNT TWENTY-EIGHT: (26 U.S.C. § 7201 – Tax Evasion)

17    15.    The factual allegations in Paragraphs 1 through 6 are re-alleged and incorporated by

18  reference.

19    16.    From on or about January 1, 2010, and continuing to on or about October 10, 2011, in the

20  Northern District of California and elsewhere, the defendant,

21                                    G. STEVEN BURRILL,

22  did willfully attempt to evade and defeat income tax due and owing by him to the United States of

23  America, for the calendar year 2010, by committing the following affirmative acts, among others:

24  preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S.

25  Individual Income Tax Return, Form 1040, in his own name, which understated Total Income and was

26  submitted to the Internal Revenue Service; and causing the Fund to transfer money to several bank

27  accounts in the names of the Burrill Entities, rather than to himself, with the intent to conceal his control

28  and spending of the money on expenses not related to the Fund.

INDICTMENT                                    7

1    All in violation of Title 26, United States Code, Section 7201.

2    COUNT TWENTY-NINE: (26 U.S.C. § 7201 – Tax Evasion)

3        17.    The factual allegations in Paragraphs 1 through 6 are re-alleged and incorporated by

4    reference.

5        18.    From on or about January 1, 2011, and continuing to on or about October 11, 2012, in the

6    Northern District of California and elsewhere, the defendant,

7                                    G. STEVEN BURRILL,

8    did willfully attempt to evade and defeat income tax due and owing by him to the United States of

9    America, for the calendar year 2011, by committing the following affirmative acts, among others:

10   preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S.

11   Individual Income Tax Return, Form 1040, in his own name, which understated Total Income and was

12   submitted to the Internal Revenue Service; causing the Fund to transfer money to several bank accounts

13   in the names of the Burrill Entities, rather than to himself, with the intent to conceal his control and

14   spending of the money on expenses not related to the Fund; and making or causing false entries in the

15   books and records of the Burrill Entities.

16   All in violation of Title 26, United States Code, Section 7201.

17   COUNT THIRTY: (26 U.S.C. § 7201 – Tax Evasion)

18       19.    The factual allegations in Paragraphs 1 through 6 are re-alleged and incorporated by

19   reference.

20       20.    From on or about January 1, 2012, and continuing to on or about October 11, 2013, in the

21   Northern District of California and elsewhere, the defendant,

22                                   G. STEVEN BURRILL,

23   did willfully attempt to evade and defeat income tax due and owing by him to the United States of

24   America, for the calendar year 2012, by committing the following affirmative acts, among others:

25   preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S.

26   Individual Income Tax Return, Form 1040, in his own name, which understated Total Income and was

27   submitted to the Internal Revenue Service; causing the Fund to transfer money to several bank accounts

28   in the names of the Burrill Entities, rather than to himself, with the intent to conceal his control and

INDICTMENT                                          8

1  spending of the money on expenses not related to the Fund; and making or causing false entries in the

2  books and records of the Burrill Entities.

3       All in violation of Title 26, United States Code, Section 7201.

4  COUNT THIRTY-ONE: (26 U.S.C. § 7201 – Tax Evasion)

5       21.    The factual allegations in Paragraphs 1 through 6 are re-alleged and incorporated by

6  reference.

7       22.    From on or about January 1, 2013, and continuing to on or about October 10, 2014, in the

8  Northern District of California and elsewhere, the defendant,

9                           G. STEVEN BURRILL,

10  did willfully attempt to evade and defeat income tax due and owing by him to the United States of

11  America, for the calendar year 2013, by committing the following affirmative acts, among others:

12  preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S.

13  Individual Income Tax Return, Form 1040, in his own name, which understated Total Income and was

14  submitted to the Internal Revenue Service; causing the Fund to transfer money to several bank accounts

15  in the names of the Burrill Entities, rather than to himself, with the intent to conceal his control and

16  spending of the money on expenses not related to the Fund; and making or causing false entries in the

17  books and records of the Burrill Entities.

18       All in violation of Title 26, United States Code, Section 7201.

19  COUNTS THIRTY-TWO THROUGH THIRTY-FOUR: (26 U.S.C. § 7206(2) – Aiding and Assisting

20  in the Preparation of a False Tax Return)

21       23.    The factual allegations in Paragraphs 1 through 6 are re-alleged and incorporated by

22  reference.

23       24.    On or about the dates set forth below, in the Northern District of California and

24  elsewhere, the defendant,

25                        MARC HOWARD BERGER,

26  did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the

27  Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040, of G. STEVEN

28  BURRILL and another, for the calendar years set forth below.  The returns were false and fraudulent as

INDICTMENT                                    9

to a material matter, in that they each reported Total Income below $0, as listed below, whereas, as the defendant knew, the Total Income was in excess of the amount reported:

| COUNT | APPROXIMATE DATE | CALENDAR YEAR | TOTAL INCOME (LINE 22) |
|---|---|---|---|
| THIRTY-TWO | October 11, 2012 | 2011 | -$245,870 |
| THIRTY-THREE | October 11, 2013 | 2012 | -$875,845 |
| THIRTY-FOUR | October 10, 2014 | 2013 | -$850,491 |

All in violation of Title 26, United States Code, Section 7206(2).

FORFEITURE ALLEGATION: (18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461 – Criminal Forfeiture)

25.    The factual allegations in Paragraphs 1 through 11 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461.

26.    Upon conviction of any of the offenses alleged in Counts One through Twenty-Six, the defendant,

G. STEVEN BURRILL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461, any property, real and personal, which constitutes or is derived from proceeds traceable to said violations.

27.    If, as a result of any act or omission of the defendant, any of said property

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to or deposited with a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property, which cannot be divided without difficulty; any and all interest defendant has in any other property shall be forfeited to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461.

INDICTMENT                                      10

1      All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28,

2  United States Code, Section 2461.

3  DATED:  September 14, 2017                          A TRUE BILL.

4

5                                                           _Karen W. Williams_

6                                                           FOREPERSON

7

8  ALEX TSE
   Attorney for the United States,
9  Acting Under Authority Conferred By
   28 U.S.C. § 515
10

11  _____
12  BARBARA J. VALLIERE
    Chief, Criminal Division
13

14
   (Approved as to form:  _____)
15                              AUSA ROBERT S. LEACH

16
   (Approved as to form:  _____)
17                              LORI A. HENDRICKSON
18                              Trial Attorney, U.S. Department of Justice,
                                Tax Division
19

20

21

22

23

24

25

26

27

28

   INDICTMENT                          11